UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN  DIVISION
NO: 7:12-CR-00020-BR

UNITED STATES OF AMERICA            )
                                    )
                                    )
        v.                          )               ORDER
                                    )
NEVINE ALY ELSHIEKH                 )
                                    )

        This matter is before the court on defendant's *pro se* motion for modification of her

sentence.  (DE # 374.)  Defendant complains that, contrary to this court's recommendation to the

Bureau of Prisons ("BOP") that defendant to be allowed to serve her sentence of imprisonment at

FPC Alderson, West Virginia, BOP designated her to FCI Aliceville, Alabama.  Defendant

requests that she be allowed to serve the remainder of her sentence on home confinement.

        The relief defendant seeks concerns the execution of her sentence and therefore must be

raised in a motion pursuant to 18 U.S.C. § 2241.  See Kopeykin v. United States, No. 5:12-HC-

2075-FL, 2012 WL 5395820, at *1 (E.D.N.C. Nov. 5, 2012) ("Petitioner's petition challenges the

place of his confinement, and not the fact of his conviction.  Because petitioner is attacking the

manner in which his sentence is being executed, his action must be brought pursuant to § 2241."

(citing Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011))).  Generally, a defendant

must exhaust her administrative remedies before seeking relief under § 2241, see Timms v.

Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) ("As a general rule, in the absence of 'exceptional

circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,'

courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas

relief.'" (citations omitted) (emphasis and alteration in original)), and must file the § 2241

motion in the district where she is confined, <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000).

Defendant is currently serving her sentence in the Northern District of Alabama. The court could transfer defendant's motion to that court. <u>See</u> 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ."). However, because it is not apparent that defendant has exhausted her administrative remedies with BOP, the court finds that transfer would not serve the interest of justice. Accordingly, the motion is DISMISSED WITHOUT PREJUDICE.

This 31 October 2013.


_____
W. Earl Britt
Senior U.S. District Judge

2